U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 0 7 2008

ROBERT H. SHEM, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

MICHAEL LONG

CRIMINAL NO. 04-50160-01
JUDGE TOM STAGG

## MEMORANDUM RULING[1]

Before the court is Michael Long's ("Long") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Record Document 36. Based on the following, Long's motion is **DENIED**.

## I. BACKGROUND

This case arises from the defendant's failure to deposit employee funds into his company's 401(k) retirement plan. On August 25, 2005, a federal grand jury returned a superceding indictment charging Long with nineteen counts. Count one charged Long with conspiring with others, known and unknown to the Grand Jury, to embezzle and steal the moneys, funds, and other assets of an employee pension benefit plan covered under the Employee Retirement Income Security Act

---

[1] This ruling is not intended for publication.

("ERISA"); conspiring to knowingly make false statements and conceal facts in documents required under ERISA; conspiring to embezzle and steal the moneys, premiums, and other assets of a health care benefit program; conspiring to knowingly make a false statement relating to health care matters; and conspiring to knowingly and willfully make a false material statement in a matter within the jurisdiction of the executive branch of the government of the United States, all in violation of 18 U.S.C. § 371. Count two charged Long with theft and embezzlement of funds from an employee pension benefit plan, in violation of 18 U.S.C. § 664. Count three charged him with false statements and concealment of facts, in violation of 18 U.S.C. §§ 1027 and 2. Count four charged him with theft of premiums from a health care benefit plan, in violation of 18 U.S.C. § 669. Count five charged him with false statements relating to health care matters, in violation of 18 U.S.C. § 1035. Counts six through ten charged Long with mail fraud, in violation of 18 U.S.C. § 1341, and counts eleven through nineteen charged him with false statements, in violation of 18 U.S.C. § 1001.

On December 9, 2005, Long pled guilty to counts two and three. He was sentenced to twenty-four months in prison on each count, with the sentences to run concurrently, followed by a three-year term of supervised release. Long was also ordered to make restitution in the amount of $24,698.19, payable jointly and

severally with his co-defendant Beverly Hutchins.[2] Long failed to self-surrender at the appointed day and time, and an arrest warrant was issued and executed against him. Long filed the instant motion on February 7, 2007.

## II. LAW AND ANALYSIS

In this motion, Long states twenty-one separate grounds upon which he challenges his sentence. As a general rule, the review of a conviction pursuant to a section 2255 motion is limited to constitutional and jurisdictional questions. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

### A.  Issues Not Cognizable Under Section 2255.

Technical application of the Sentencing Guidelines by a district court does not give rise to a constitutional issue. See Cervantes, 132 F.3d at 1109; United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Such claims, therefore, are not cognizable in a section 2255 motion. See id. As a result, Long's challenges to an enhancement for controlling his co-defendant (Long's Ground Three), an enhancement based on the number of victims of the crime charged (Ground Five), the denial of a reduction in offense level for assisting the court and probation (Ground Six), the denial of a reduction in offense level for acceptance of

---

[2] Beverly Hutchins was sentenced to 5 years probation, the first 90 days of which were to be served in community confinement, and ordered to pay $24,698.19 in restitution.

responsibility (Ground Thirteen), and the enhancement for obstruction of justice (Ground Eighteen) cannot be considered by the court. These claims relate to the application of the Sentencing Guidelines in determining the defendant's offense level, and they must be dismissed.

**B.     Procedural Default.**

"Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by direct appeal." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995). "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice." Cervantes, 132 F.3d at 1109. Long did not file a direct appeal of his sentence. Because the following claims are not constitutional or jurisdictional claims, and because Long has not demonstrated to the court that these alleged errors could not have been raised on appeal, they have been procedurally defaulted and must be dismissed: that the government was illegally in possession of Long's corporate documents, records, and computers (Grounds One, Seven, Nineteen); that he received an inequitable sentence when compared with that of his co-defendant (Grounds Two, Eleven); that he was not presented with evidence proving he signed the ERISA forms for which he pleaded guilty (Ground Four); that the information

used at sentencing taken from his corporate records and computers was not properly authenticated (Ground Eight); that the sentencing court was prejudiced against him (Ground Nine); that he was not allowed to view the evidence the government had against him (Ground Ten); that the government was in collusion/compliance with his co-defendant (Grounds Twelve, Sixteen); that the government and the Department of Labor denied him a chance to come into voluntary compliance before seeking criminal charges (Ground Fourteen); that the evidence was insufficient to support his sentence (Ground Fifteen); that his co-defendant committed and suborned perjury before the Grand Jury and the sentencing court (Ground Seventeen); and that the amount of restitution was incorrectly calculated (Ground Twenty).

## C. Ineffective Assistance Of Counsel.

Ineffective assistance of counsel claims should generally be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal, as the record is not fully developed. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999). Therefore, this court will address the merits of Long's ineffective assistance of counsel contentions.

To prevail on a claim of ineffective assistance of counsel, Long must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2)

his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. To satisfy the prejudicial prong of the Strickland test in the context of a non-capital sentencing proceeding, Long must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Long fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

In his ineffective assistance of counsel claim (Ground Twenty-One), Long argues that his counsel, James McMichael ("McMichael") and Mark Kavanaugh ("Kavanaugh"),[3] failed to file an appeal despite Long's requests for them to do so. Long claims that both attorneys were "shocked" at his sentence and said they would appeal. See Record Document 36, Addendum A. However, according to Long, McMichael never made such an appeal.[4] See id.

In general, an attorney who fails to follow a specific instruction by a defendant to file an appeal acts in a "professionally unreasonable" manner. Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000). However, when a defendant does not clearly instruct counsel to file–or not file–an appeal, the issue of deficient performance depends on whether counsel consulted with the defendant about an appeal. See id. at 478, 120 S.Ct. at 1035. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel

---

[3] The court notes that, according to Long's section 2255 motion, soon after Long's sentencing, Kavanaugh left the law firm at which he was working at that time. Thus, this ruling addresses the actions of McMichael.

[4] The court is aware of Long's claim that McMichael also failed to respond to Long's request to provide a detailed accounting of his time and the funds he was holding for Long in escrow as well as failed to return any legal documents and files pertaining to the case. See Record Document 36, Addendum A. However, this argument does not pertain to the issue of whether Long received effective assistance of counsel regarding his appeal.

performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

In the instant case, Long does not argue that McMichael failed to consult with him about an appeal. He argues only that McMichael failed to act on his request to file an appeal. However, the evidence on record before the court does not support this argument. In an affidavit submitted to the court, McMichael testified,

> After the sentencing, I consulted with Mr. Long about an appeal, advising him about the advantages and disadvantages of taking an appeal. I advised him against taking an appeal, and that I did not feel that an appeal would be successful. He seemed to understand my advice and appeared to be in agreement with my advice against taking an appeal. He never instructed me (expressly or otherwise) to take an appeal on his behalf.
>
> Since our initial conversation about an appeal, he has asked for information about appeals; about modification of his sentence and about post-conviction relief. However, he has never instructed me (expressly or otherwise) to take an appeal on his behalf or to pursue modification of his sentence or post-conviction relief.

Record Document 38, Ex. A at 2. Long has not provided any evidence refuting these contentions. Thus, the court finds that McMichael did, in fact, consult with Long about an appeal and that Long failed to clearly express his desire to appeal to McMichael. McMichael, therefore, did not act in a professionally unreasonable manner by not filing an appeal. Because Long has failed to prove the first prong of the Strickland test, his claim of ineffective assistance of counsel must be dismissed.

## III. CONCLUSION

For the above cited reasons, Long's section 2255 motion is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of April, 2008.

                                                                              _____
                                                                                        JUDGE TOM STAGG